## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PHYLLIS HERLOCKER,

      Plaintiff,

      v.                               Case No. 16-2300-JAR-TJJ

RICHARD D. LOFFSWOLD JR., et al.,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff Phyllis Herlocker filed this action *pro se* and *in forma pauperis* against Defendants Richard D. Loffswold, Jr., David Loiselle, and Shelly Hildebrandt, alleging civil rights claims associated with a state court partition action filed against Plaintiff in Crawford County, Kansas District Court.  Loffswold is a private attorney who filed the partition action on behalf of a third-party client, and Loiselle and Hildebrandt are alleged to be Crawford County Commissioners.  Before the Court is Loffswold's Motion to Dismiss for Failure to State a Claim (Doc. 13).  The motion is fully briefed and the Court is prepared to rule.  For the reasons stated below, Defendant Loffswold's motion to dismiss is granted.

## I.    Standard

To survive a motion to dismiss for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[1]  To state a claim for relief under Rule 12(b)(6), "the complaint must give the court reason to believe that

---

[1]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

*this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[2]  The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[3]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[4]  Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[5]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[6]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[7]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[8]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

---

[2] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6] *Id.*

[7] *Id.* at 679

[8] *Id.*

[9] *Id.* at 678.

If the Court on a Rule 12(b)(6) motion looks to matters that were not attached to the complaint or incorporated into the complaint by reference, it generally must convert the motion to a Rule 56 motion for summary judgment.[10]  However, the court may consider documents which are referred to in the complaint if they are central to the plaintiff's claim and the parties do not dispute their authenticity.[11]  The Court may also take judicial notice of certain facts without converting a motion to dismiss into one for summary judgment.[12]  Under Fed. R. Evid. 201, the Court may take judicial notice at any time of the proceeding of a fact "that is not subject to reasonable dispute because it[] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[13]  Judicially noticed documents "may only be considered to show their contents, not to prove the truth of matters asserted therein."[14]  Judicial notice is mandatory when requested by a party and the Court is provided the necessary information.[15]  Because their accuracy cannot reasonably be questioned, the Court takes judicial notice of the documents submitted by Defendant Loffswold from the state court partition action.[16]

---

[10]Fed. R. Civ. P. 12(d); *GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1384–85 (10th Cir. 1997).

[11]*See Alvardo v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007); *GFF Corp.*, 130 F.3d at 1384–85.

[12]*See, e.g.*, *Tal v. Hogan*, 453 1244, 1265 n.24 (10th Cir. 2006); *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004).

[13]Fed. R. Evid. 201(b)(2).

[14]*Tal*, 453 F.3d at 1264 n.24 (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).

[15]Fed. R. Evid. 201(c).

[16]Doc. 14, Ex. 1.

## II.      Background

The following facts are alleged in the Complaint or set forth in the record of the state court partition action, and are construed in the light most favorable to Plaintiff.[17]  Plaintiff was served with a summons and a petition for partition from the District Court of Crawford County. Kansas on April 15, 2015.  Plaintiff and Gary Johnson owned property in Crawford County Kansas as tenants in common.  Johnson wanted to own his 50% interest in the land separately from Plaintiff.  Johnson asked the court to order a partition of the property.  Defendant represented Johnson in the partition action.  Plaintiff submitted multiple documents *pro se* that the Crawford County Court declared "rambling and meaningless,"[18] largely based on "sovereign citizen" arguments that the Court lacked jurisdiction.  The Crawford County Court determined that Plaintiff's filings were a "legal nullity" and ordered them removed from the public court file.[19]  The Crawford County Court then entered a default judgement against Plaintiff after she failed to attend a case management conference.

Plaintiff filed this action claiming that Defendant, acting as an officer of the Crawford County court, violated her constitutional rights by proceeding with the partition before responding to her jurisdictional challenge raised in that proceeding.

## III.      Discussion

The Court liberally construes Plaintiff's Complaint as alleging a claim under  42 U.S.C. § 1983.  Plaintiff alleges Defendant violated her due process rights by selling land without

---

[17]As *pro se* litigants, Plaintiff's pleadings are entitled to a liberal construction.  *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009).  This means that "if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Barnet v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  At the same time, the Court may not assume the role of advocate for a *pro se* litigant.  *Id.*

[18]Doc. 14, Ex. 3.

[19]Doc. 14, Ex. 4.

responding to her jurisdictional challenge.  Plaintiff further argues that Defendant acted under color of state law because he is an attorney and an officer of the court, and that he violated her due process rights by scheduling the land for sale after the default judgement.  To bring a successful claim under 42 U.S.C. § 1983, Plaintiff must show there has been a "deprivation of a civil right by a "person" acting under color of state law."[20]

### A. Acting Under Color of Law

Defendant first argues that he is not a person acting under color of state law.  "Private individuals and entities may be deemed state actors, however, if they have 'acted together with or [have] obtained significant aid from state officials, or [if their] conduct is otherwise chargeable to the state.'"[21]  The Supreme Court has developed four tests to determine whether private actors should be considered state actors for purposes of § 1983 liability: (1) the public function test, (2) the nexus test, (3) the symbiotic relationship test and (4) the joint action test.[22]  However, when a plaintiff attempts to assert state action by alleging a conspiracy between private defendants and "state officials or judges," "mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action."[23]

Here, assuming the facts alleged in the Complaint are true, Defendant did not act under the color of state law as a matter of law.  Plaintiff does not provide any non-conclusory allegations that Defendant acted in concert with the judge or Court.  An attorney does not act

---

[20]*McLaughlin v. Bd. of Trustees of State Coll. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000).

[21]*Johnson v. Rodrigues*, 293 F.3d 1196, 1203 (10th Cir. 2002) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (2002)).

[22]*Anderson v. Suiters*, 499 F.3d 1228, 1233 (10th Cir. 2007) (citing *Lugar*, 457 U.S. at 937).

[23]*Scott v. Hern*, 216 F.3d 897, 907 (10th Cir. 2000).

under the color of state law by seeking remedies in state court.[24]  An attorney also does act under the color of state law through representing a client.[25]  Plaintiff claims Defendant was acting as an officer of the court when he scheduled the land for sale after the default judgement.  But scheduling land for sale after a default judgement was within the scope of Defendant's representation of his client.  Therefore, Defendant did not act under the color of law.

## B.   Deprivation of a Civil Right

Even if Defendant was a state actor, Plaintiff also fails to state a plausible claim that she was deprived of rights, privileges or immunities under the Constitution.  Plaintiff claims that Defendant violated her constitutional rights by scheduling the land for sale.  Construing Plaintiffs claims liberally, Plaintiff alleges either a Fourth or Fourteenth Amendment violation.  The state may seize property under the Fourth Amendment if the seizure is reasonable.[26]  A seizure pursuant to a court order is almost always reasonable.[27]  Here, Plaintiff claims Defendant wrongly scheduled the land for sale.  However, Defendant obtained a default judgement allowing the partition. Therefore, the partition is reasonable and Plaintiff's § 1983 claim fails.

Plaintiff also fails to allege a plausible claim that her due process rights were violated. The partition action was filed in state court, Plaintiff was served, and she was allowed to appear and defend.  The presiding judge refused to consider her filings because they were "rambling and meaningless," and ultimately entered a default judgment based on her failure to appear.  Plaintiff

---

[24]*Barnard v. Young*, 720 F.2d 1188, 1188–89 (10th Cir. 2001); *Polk County v. Dodson*, 454 U.S. 312, 318 (1981).

[25]*Anderson v. Toomey*, 324 F. App'x. 711, 713 (10th Cir. 2009); *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1264 (D. Kan. 2008).

[26]*Soldal v. Cook Cnty.*, 506 U.S. 56, 71 (1992).

[27]*See id.* (stating that a party who wishes to challenge the reasonableness of a taking by court order faces a difficult task.)

has alleged no facts to demonstrate that she was not afforded due process in the state court partition action.

## IV.    Request for Leave to Amend

"[A] *pro se* litigant bringing suit *in forma pauperis* is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect."[28]  Leave need not be granted if amendment would be futile.[29]  However, if the *pro se* plaintiff's factual allegations are close to stating a claim but are missing some important element, the Court should allow him leave to amend.[30]  Here, the Court is unable to find that Plaintiff could allege facts to support the missing elements of his claims if given opportunity to amend.  Plaintiff cannot overcome the lack of state action.  Plaintiff also does not come close to stating a Fourth or Fourteenth Amendment violation.  For these reasons, Plaintiff shall not be granted leave to amend to cure the deficiencies cited herein.

**IT IS THEREFORE ORDERED BY THE COURT** that Motion to Dismiss for Failure to State a Claim (Doc 13) is **granted**.  Defendant Loffswold is **dismissed with prejudice.**

**IT IS SO ORDERED.**

Dated: October 6, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[28]*Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

[29]*See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010).

[30]*Id.* (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).