IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PHYLLIS HERLOCKER,**

    **Plaintiff,**

    v.                                                Case No. 16-CV-2300-JAR-TJJ

**RICHARD D. LOFFSWOLD JR., et al.,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Phyllis Herlocker filed this action *pro se* and *in forma pauperis* against Defendants Richard Loffswold, David Loiselle, and Shelly Hildebrandt. Plaintiff alleges civil rights claims associated with a state court partition action filed against Plaintiff in Crawford County, Kansas District Court. The Court previously granted Defendant Loffswold's Motion to Dismiss.[1] Now before the Court is Defendants Loiselle and Hildebrant's Motion to Dismiss (Doc. 23). Plaintiff has not responded to the motion, so it can therefore be granted as uncontested. The motion can also be granted on the merits, as described more fully below.

### I.    Failure to Respond

Plaintiff failed to file a response to the motion to dismiss and the time to do so has expired.[2] Under D. Kan. Rule 7.4(b),

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion.

---

[1] Doc. 25.

[2] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

Ordinarily, the court will grant the motion without further notice. A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance.[3] Defendants sent Plaintiff a copy of their Motion to Dismiss on September 15, 2016. No response was filed and the 21-day response time provided by the local rule has expired.[4] As a result of Plaintiff's failure to respond, the Court may grant Defendant's motion to dismiss as uncontested.

## II.     Motion to Dismiss

Plaintiff's claims also may be dismissed under Fed. R. Civ. P. 12(b)(5) for insufficient service of process. Under Rule 4(e), a party may serve process on an individual by following Kansas state laws regarding service or delivering service on the individual personally, on the individual's dwelling, or on the individual's authorized agent.[5] Under Kansas law, "[s]ervice by return receipt delivery must be addressed to an individual at the individual's dwelling or usual place of abode."[6] If the party receives a return service stating that the delivery was refused or unclaimed, then that party can serve an individual at a business address.[7] Plaintiff attempted service by certified mail upon Defendants Loiselle and Hildebrant at the Girard County Courthouse. But Defendants do not have any connection to the Girard County Courthouse that would support proper service. It is neither their residence, nor their business address.[8] Thus, Plaintiff's claims may be dismissed for insufficient service of process.

---

[3] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citing various cases dismissing *pro se* cases for failure to comply with the rules).

[4] D. Kan. R. 6.1(d)(2).

[5] Fed. R. Civ. P. 4(e).

[6] K.S.A. § 60-304(a).

[7] *Id.*

[8] Doc. 24 at 3.

The claims in this case are also subject to dismissal under Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted, the complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief."[9] Under the "plausibility" standard that guides this court, a complaint must contain sufficient factual allegations to give fair notice to Defendant of the grounds of the claim against them.[10] "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."[11] Liberally construing Plaintiff's Complaint, as the Court must, there are no factual averments that give fair notice to the Defendants of the grounds upon which Plaintiff's claims rest. In fact, Plaintiff does not mention either Loiselle or Hildebrandt after the second page of the Complaint. Thus, the Court finds the Plaintiff states no plausible claim for relief.

### III.     Leave to Amend

"[A] *pro se* litigant bringing suit *in forma pauperis* is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect."[12] Leave need not be granted if amendment would be futile.[13] However, if the *pro se* plaintiff's factual allegations are close to stating a claim but are missing some important element, the Court should allow him leave to amend.[14] The Court cannot find that the factual allegations are close to stating a claim here because the Complaint is devoid of

---

[9] Fed. R. Civ. P. 8(a)(2).

[10] *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

[11] *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007)).

[12] *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

[13] *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010).

[14] *Id.* (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

any factual allegations against these Defendants at all.  Accordingly, the Court declines to provide Plaintiff with leave to amend.

**IT IS THEREFORE ORDERED BY THE COURT** that the Defendants' Motion to Dismiss (Doc. 23) is **granted**.

**IT IS SO ORDERED.**

Dated: November 1, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE